**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 2, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

———————————————

No. 02-41160
Summary Calendar

———————————————

RODNEY SENIGUAR,

Plaintiff - Appellant,

versus

FORD MOTOR COMPANY; DAVID J. BICKERSTAFF;
DAVID J. BICKERSTAFF AND ASSOCIATES INCORPORATED,

Defendants - Appellees,

———————————————

Consolidated with
No. 02-51025

———————————————

STEVEN JOY,

Plaintiff - Appellant,

versus

FORD MOTOR COMPANY,

Defendant - Appellee.

———————————————————————————————

Appeals from the United States District Courts
Eastern District of Texas
(No. 1-CV-243)
and
Western District of Texas
(No. 1-CA-271-SS)

———————————————————————————————

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiffs assert the settlement agreements and releases they signed with Ford Motor Company ("Ford") to compromise their Ford Bronco II roll-over suits do not preclude the present actions claiming they were fraudulently induced to sign the settlement agreements. The district courts disagreed and granted Ford summary judgment, finding plaintiffs had disclaimed reliance on Ford representations. The *Seniguar* court also dismissed the action as proscribed. We affirm.

Under Texas law, "a disclaimer of reliance may conclusively negate the element of reliance, which is essential to a fraudulent inducement claim." *See Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 179 (Tex. 1997). The contract and the circumstances surrounding its formation determine whether the disclaimer of reliance is binding. *Id.* at 179. Relevant circumstances include whether both parties were represented by highly competent counsel, *id.* at 180, and whether the parties sought to disclaim reliance on representations about specific matters in dispute, *id.* at 181.

There is no dispute the parties were represented by highly competent counsel. The parties argue whether they sought to disclaim reliance on representations about *specific* matters in dispute, *e.g.*, whether they sought to disclaim reliance on the allegedly suborned expert opinion of David J. Bickerstaff. We conclude the releases disclaimed reliance.

The Seniguar settlement agreement releases Ford for "all known and unknown . . . matters and things from the beginning of time to the date of these [particulars] . . . involving . . . the incident made the basis of the Litigation." It provides that "no representation of any kind has been made to [Seniguar and his parents] with respect to this settlement by Ford Motor Company . . . ." Instead,

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

2

Seniguar and his parents "acknowledge and represent that they have relied upon the legal advice of their attorneys . . . ." Seniguar's disclaiming of reliance on representations by Ford, coupled with the explicit reliance on retained counsel, precludes a claim of reliance on Bickerstaff's expert opinion.

In the Joy settlement agreement, plaintiffs "expressly waive[d] and assume[d] the risk of any and all claims for damages which exist[ed] as of [the date of execution], but of which they d[id] not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which whether or not, if known, would [have] materially affect[ed] the decision to enter into [the agreement.]" Further, plaintiffs "assume[d] the risk that the fact or laws may be otherwise than they believe." These contractual clauses, combined with the context of the settlement, demonstrate that the Joy plaintiffs disclaimed any reliance on Ford's representations about the disputed facts and settlement value of the underlying lawsuit. Additionally, the Joy plaintiffs represented "that they [had] relied upon the legal advice of their attorneys . . . ." Their signing attorney, Ted Turner, knew of the alleged inconsistencies in Bickerstaff's testimony and also knew Ford was paying Bickerstaff's consulting firm large sums of money.

For these reasons, we AFFIRM.